[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT, PENDENTE LITE #191
On June 27, 1996, the Defendant sought an order enjoining the Plaintiff, in part, from removing, sequestering, hiding, transferring, disposing of and/or selling, encumbering or liening all cash, savings accounts, checking accounts, or other bank accounts, certificates of deposit, equity line of credit, credit cards, stock, and/or other securities, intellectual property, real property and/or personal property. CT Page 11526
After a hearing, Judge Kavenewsky, on July 31, 1996, granted the Motion as to the Plaintiff's personal assets "except for any customary, reasonable and necessary living expenses of the plaintiff or defendant only." Me specifically included within this order "the one hundred forty thousand dollars in bank or cashiers checks which the witness [Plaintiff] has testified are at the Fleet Bank." As to business assets of the Plaintiff; Judge Kavenewsky also granted the Motion except for customary, reasonable and necessary expenses for the operation of any business in which the plaintiff owns a legal or equitable interest greater than ten percent."
On October 30, 1996, the Defendant sought an order to establish an escrow account to hold and maintain the status quo of $140,000 which the Plaintiff had withdrawn from various bank accounts and converted into cashier's checks. On November 12, 1996, after a hearing, Judge Harrigan ordered that the Plaintiff hold $120,000 of these funds. There have been no further orders permitting dispersal or appropriation of these funds.
Between July 31, 1996 and June 27, 1997, the Plaintiff spent the entire $140,000 knowing that he was not supposed to do so. During this period, the Plaintiff was operating, in full control of; and sole owner of his company Applied Magnetics, Inc. Me had available to him for both personal and business expenses, more than $150,000 which he had received from the Department of Defense during this period. To conceal this money, rather than deposit this money into the business bank account, the Plaintiff cashed the checks and hid and used the money.
The Plaintiff's violation of the court order was clearly willful. He had the funds necessary to pay any and all ordinary personal and business expenses from the payments from the Department of Defense. There was no need to use the $120,000 ordered held by Judge Harrigan. The Plaintiff has most, if not all, of the funds received for work on Department of Defense orders from 1996 to date.
The Plaintiff is found in contempt for violation of said order. The Plaintiff is ordered to pay $120,000 to the Defendant on or before October 16, 2000 and is ordered to appear in court at 10:00 a.m. if said payment has not been made in full.
Hiller, J.